**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 14-cv-00919-CMA-MJW

KELLIE RHODES, on behalf of herself and others similarly situated,

    Plaintiff,

v.

OLSON ASSOCIATES, P.C., d/b/a OLSON SHANER,

    Defendant.

---

**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

---

The parties have requested approval of their settlement of this class action brought under the Fair Debt Collection Practices Act. According to the Settlement Agreement, each member of the class who presents a timely claim will receive an equal share of a $23,000 award deposited in the Settlement Fund, and the representative Plaintiff, Kellie Rhodes, will receive a $2,000 award. Defendant has further agreed to pay up to $75,000 in attorney fees, costs, and reimbursable expenses, as well as to fund the administration of the class notice and awards.

After careful consideration of the terms of the proposed settlement and the interests of the Class, the Court grants Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. # 42.)

## I. BACKGROUND

Plaintiff Kellie Rhodes brought this class action lawsuit against the law firm of Olson Associates, P.C., d/b/a Olson Shaner, alleging that voicemail messages she received from Olson Shaner violated the Fair Debt Collection Practices Act (FDCPA or "the Act"), 15 U.S.C. § 1692 *et seq.* Specifically, she alleged that Olson Shaner violated Section 1692d of the Act, by placing "telephone calls without meaningful disclosure of the caller's identity," and Section 1692e(11) of the Act, by failing to disclose, in a "subsequent communication" with a debtor, that the communication is from a debt collector.

On March 13, 2015, the Court granted Plaintiff's Cross-Motion for Summary Judgment as to Liability and her Motion for Class Certification in accordance with Federal Rule of Civil Procedure 23(a), (b)(3). (Doc. # 38.) Pursuant to this Order, the Class consists of all persons located in Colorado for whom Olson Shaner, left, or caused to be left, a voice message in connection with the collection of a consumer debt that is materially identical to the following message:

> HI, THIS MESSAGE IS FOR (DEBTOR/CO-DEBTOR). THIS IS (OLSON SHANER EMPLOYEE'S NAME) WITH THE LAW FIRM OF OLSON SHANER. PLEASE RETURN MY CALL REGARDING A PERSONAL MATTER. I WILL BE IN THE OFFICE TODAY UNTIL (TIME), AND WILL RETURN (TOMORROW/ON MONDAY) AT (TIME). YOU CAN REACH ME AT (NUMBER). [1]

(*Id.* at 31.) On May 22, 2015, Plaintiff filed an Unopposed Motion for Order to Preliminarily Approve Class Action Settlement. (Doc. # 42.)

---

[1] The message must have been left between March 31, 2013 and March 30, 2014.

Pursuant to the Settlement Agreement, Olson Shaner would pay named Plaintiff Kellie Rhodes $2,000; in addition, each class member would receive a *pro-rata* share of a $23,000 Settlement Fund. (*Id.* at 3.) Additionally, Olson Shaner would pay up to $75,000 in attorney fees, costs, and reimbursable expenses.[2] (*Id.*) Olson Shaner would also fund the administration of the class action notice and awards. (*Id.* at 4.) Specifically, Olson Shaner will hire a third-party class administrator, KCC Class Action Services, that will send notice of the action to each member of the class via direct mail, including a claim form and return envelope. (*Id.* at 11-12.) Plaintiffs have attached a Proposed Notice to the instant Motion. (Doc. # 42-1 at 36-41.)[3]

## II.  DISCUSSION

### A.  The Proposed Settlement

Courts engage in a two-step process to ensure the fairness of any class action settlement. NEWBERG ON CLASS ACTIONS § 13:12 (5th ed.) The instant Motion pertains to the first step of this process, in which the Court makes a preliminary determination regarding the fairness, reasonableness, and adequacy of the settlement terms. *See id.* The object of preliminary approval is for the Court "to determine whether

---

[2] The Court will closely review the reasonableness of the attorney fees request at the Final Fairness Hearing; at this juncture, it has received no information regarding, for example, the number of hours spent litigating the case or the hourly rates of the attorneys. The Settlement Agreement provides that "[i]n advance of the Final Settlement Hearing, Class Counsel will file an application for reasonable attorneys' fees, costs, and expenses. The parties will attempt, in good faith, to agree upon the proposed amount of reasonable attorneys' fees, costs, and expenses." (Doc. # 42-1 at 12.)

[3] The Settlement Agreement also provides that if any funds remain in the Settlement Fund after the first *pro-rata* distribution, either a second *pro-rata* distribution will be made to Class Members, or the uncashed amount will be paid to an appropriate non-profit(s) that is agreed upon by the parties as a *cy pres* recipient. (Doc. # 42-1 at 11.)

notice of the proposed settlement should be sent to the class, not to make a final determination of the settlement's fairness.  Accordingly, the standard that governs the preliminary approval inquiry is less demanding than the standard that applies at the final approval phase." *Id.* § 13:13; *see also Lucas v. Kmart Corp.*, 234 F.R.D. 688, 693 (D. Colo. 2006) ("The purpose of the preliminary approval process is to determine whether there is any reason not to notify the class members of the proposed settlement and to proceed with a [final] fairness hearing"); *In re Motor Fuel Temperatures Sales Practices Litig.*, No. 07-MD-1840, 2011 WL 4431090, at *5 (D. Kan. Sept. 22, 2011) (internal quotation omitted) ("The Court will ordinarily grant preliminary approval where the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious-deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval.")  If the settlement is preliminarily approved, the Court enters a preliminary approval order directing the preparation of notice to class members and setting forth a schedule for objections.  NEWBERG ON CLASS ACTIONS § 13:12 (5th ed.)  The second step involves a final fairness hearing, at which point class objectors (if any) may provide testimony, and the Court again decides whether the settlement is fair, reasonable, and adequate.   *Id.* § 13:42.

Under F.R.C.P. 23(e)(2), a class action settlement must be "fair, reasonable and adequate."  In the Tenth Circuit, the following factors are analyzed in determining whether this standard is met: (1) whether the proposed settlement was fairly and honestly negotiated; (2) the judgment of the parties that the settlement is fair and

reasonable; (3) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; and (4) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation. *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002). Although the Court will consider these factors in depth at the final approval hearing, they also provide a useful guide at the preliminary approval stage. *In re Motor Fuel Temperature Sales Practices Litig.*, 258 F.R.D. 671, 680 (D. Kan. 2009). The proposed settlement meets each of these four prongs.

First, there are several indications that the settlement negotiations in the instant case were fair, honest and conducted at arm's length. There is no indication that the settlement was the product of collusion. Additionally, the parties "vigorously advocated their respective positions throughout the pendency of the case." *See Lucas*, 234 F.R.D. at 693 (internal citation omitted). Specifically, the case has been pending for over a year and has involved fact discovery and motions practice, including well-briefed dispositive motions, including a Motion for Summary Judgment and a Cross-Motion for Summary Judgment. Additionally, as discussed in the Court's order appointing Plaintiff's attorneys as Class Counsel in this matter (Doc. # 38 at 28), Class Counsel are experienced in consumer class actions, and weight is given to their favorable judgment as to the merits, fairness, and reasonableness of the settlement. *See Marcus v. Kan. Dep't of Revenue,* 209 F.Supp.2d 1179, 1183 (D. Kan. 2002) ("Counsels' judgment as to the fairness of the agreement is entitled to considerable weight"); *Saunders v. Berks Credit & Collections, Inc.*, No. CIV. 00-3477, 2002 WL 1497374, at *10 (E.D. Pa. July

11, 2002) ("The Court is therefore deferential to the reasoned judgment of the well-informed attorneys.")

Similarly, although it is not the role of the Court at this stage of the litigation to evaluate the merits, *Wilkerson v. Martin Marietta Corp.*, 171 F.R.D. 273, 284 (D. Colo. 1997), it is clear that the parties could reasonably conclude that there are serious questions of law and fact that exist that could significantly impact this case if it were further litigated. Although the Court has granted summary judgment as to Defendant's liability, the prospect of a trial necessarily involves a risk that the named Plaintiff and class members would obtain a lesser recovery in damages. Specifically, 15 U.S.C. § 1692k(a)(2)(B)(ii) provides that class members would be limited to the lesser of $500,000 or one percent of Olson Shaner's net worth; Defendant has indicated that application of this standard would result in a recovery far below the $23,000 Settlement Fund the parties agreed to here. (Doc. # 42 at 7.) Moreover, it might prove difficult for the named Plaintiff or class members to show actual damages that resulted from the receipt of one or more voicemails, particularly because there is evidence as to the named Plaintiff (contested, to be sure), that she was aware Olson Shaner was a debt collector. In contrast to these uncertain awards, the settlement guarantees all Class Members an equal cash payment, which could equal anywhere from $7.10 (assuming a highly unlikely, 100% claims rate), to $71.00 (assuming a 10% claims rate). For these same reasons, it also seems very likely that the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; a trial, post-trial motions, and an appeal could reduce the net value of any recovery.

For the foregoing reasons, the Court preliminarily approves this settlement, as fair, reasonable, and adequate, and in the best interests of the Plaintiff Class.

**B.     Class Notice**

For classes certified under Rule 23(b)(3), "the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Rule 23(c)(2)(B) also requires that such notice must clearly and concisely state in plain, easily understood language:

(i)     the nature of the action;

(ii)    the definition of the class certified;

(iii)   the class claims, issues, or defenses;

(iv)    that a class member may enter an appearance through an attorney if the member so desires;

(v)     that the court will exclude from the class any member who requests exclusion;

(vi)    the time and manner for requesting exclusion; and

(vii)   the binding effect of a class judgment on members under Rule 23(c)(3).

As for the method of notice delivery, the parties have agreed to directly mail a notice to each individual class member, using a third-party claims administrator. (Doc. # 42 at 12.) There is no indication that any of the class members cannot be identified through reasonable efforts; indeed, the instant Motion indicates that 3,240 class

members have been identified by Olson Shaner's records. The Court therefore finds the proposed manner of delivery sufficient under Rule 23(c)(2)(B).

As to the form and content of the Proposed Notice, the Court has carefully reviewed the proposed Notice, and finds all of the Rule 23(c)(2)(B) requirements satisfied. (See Doc. # 42-1 at 36-41.) However, the Proposed Notice outlines several problematic requirements for class members who wish to object to the Settlement Agreement. Specifically, the Proposed Notice requires that, in order for class members to object, they must provide "a detailed statement of the specific legal and factual basis for each objection, and a list of the legal authority you will present at the settlement approval hearing," in addition to providing the "specific reasons" they object to the settlement. (Doc. # 42-1 at 40.) This requirement is too onerous for lay class members, whose objections may be valid notwithstanding the fact that they cannot provide the "specific legal . . . basis" or a "a list of the legal authority" that supports their objections. *See* NEWBERG ON CLASS ACTIONS § 13:30 (5th ed.) ("Courts should be cautious of objection formats that unduly chill class members' capacity to object to the settlement. . . . [A] court's role is to safeguard the class's interest by ensuring that class members, most of whom are operating in good faith, receive the best opportunity possible to comprehend and respond to the proposed settlement.") The Proposed Notice also requires that class members attend the final fairness hearing in person in order for their objections to be valid. (Doc. # 42-1 at 40) ("You or your lawyer must appear at the settlement approval hearing in order to properly object to the settlement.") The Court sees no reason why a personal appearance is necessary for the Court's consideration

of an objection.  See NEWBERG ON CLASS ACTIONS § 13:30 (5th ed.) ("[C]lass members may file written objections and need not appear at the fairness hearing for their objections to be considered by the court.")  Additionally, neither of these provisions were contained in the Settlement Agreement, which provides only that "[i]n the written objection, the Class Member must state: his or her full name, address, telephone number, and email address (if available); the reasons for his or her objection; and, whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel."  (Doc. # 42-1 at 10.)  As such, both of these provisions shall be deleted from the Notice prior to its issuance, and the Notice shall be modified as provided below.

### III. CONCLUSION

The Court having preliminarily reviewed the proposed settlement of this action, it is ORDERED:

1. **Proposed Settlement**. The proposed settlement between the Plaintiff class and the Defendant appears to be within the range of reasonableness and accordingly shall be submitted to the Class Members for their consideration and for a Final Fairness Hearing under Fed. R. Civ. P. 23(e).

2. **Final Fairness Hearing**.  A hearing shall be held in Alfred A. Arraj United States Courthouse, 901 19th Street, Courtroom A602, Denver, CO 80294, on **Friday, August 28, 2015** at 1:00 PM, to consider whether the settlement is fair, reasonable, and adequate and should receive the Court's final approval.

i. Objections by class members to the proposed settlement will be considered if filed in writing with the clerk on or before **August 11, 2015**.[4] In his or her notice of objection, a class member must include his or her full name, address, telephone number, the specific reason(s) for his or her objection, and whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel.  Class Members who do not submit a valid and timely objection will be barred from seeking review of the proposed class action settlement by appeal or otherwise.

ii. At the hearing, class members may be heard orally in support of or in opposition to the settlement, provided such persons file with the clerk by **August 11, 2015**, a written notification of their desire to appear personally on his or her own behalf or through counsel.

iii. Any Class Member who desires to be excluded from the class must send a written request for exclusion to the Class Administrator with a postmark date no later than **August 11, 2015**.[5]  Any Class Member who submits a valid and timely request for exclusion will neither be

---

[4] The Settlement Agreement provides that "Any Class Member who intends to object to the fairness of this settlement must file a written objection with the Court **within 60 days** from the Court's entry of the Order of Preliminary Approval of Class Action Settlement." (Doc. # 42-1 at 9) (emphasis added).

[5] The Settlement Agreement provides that "[a]ny Class Member who desires to be excluded from the class must send a written request for exclusion to the Class Administrator with a postmark date no later than 60 days after the Court's entry of the Order of Preliminary Approval of Class Action Settlement." (Doc. # 42-1 at 9.)

        bound by the terms of the Settlement Agreement, nor receive any of the benefits of the Settlement Agreement.

    iv. Counsel for the Class and for the Defendant should be prepared at the hearing to respond to objections filed by class members and to provide other information, as appropriate, bearing on whether or not the settlement should be approved.

3. **Notice**. The parties to the proposed settlement shall, as expeditiously as possible, but at the latest as of **July 3, 2015**,[6] cause to be mailed in the name of the clerk, by first class mail, postage prepaid, to members of the class the Proposed Notice attached as Exhibit C to Doc. #42-1. However, it is ORDERED that the Proposed Notice shall be edited to as follows (strikethroughs indicate deleted language, brackets indicate added language):

> You must include the name of the case, your full name, address, telephone number, your signature, [and] the specific reasons why you object to the settlement[.]~~, a detailed statement of the specific legal and factual basis for each objection, and a list of the legal authority you will present at the settlement approval hearing. You or your lawyer must appear at the settlement approval hearing in order to properly object to the settlement. You or your lawyer must appear at the settlement approval hearing in order to properly object to the settlement.~~ [You and/or your lawyer may attend the Settlement Approval Hearing, but are not required to do so. This Hearing will be held at 1:00 PM on Friday, August 28, 2015, at the U.S. District Court for the District of Colorado, Alfred A. Arraj Courthouse, 901 19th Street, Courtroom A602, Denver, CO 80294. If you

---

[6] The Settlement Agreement provides that "[t]he Class Administrator will, as expeditiously as possible but not to exceed 30 days from the Court's entry of the Order of Preliminary Approval of Class Action Settlement, provide notice of the settlement to the Class Members." (Doc. # 42-1.) As applied here, this would require notice to be mailed as of July 12, 2015. However, because Class Members are also only given until August 11, 2015 to object, and because three weeks is more than adequate time for a professional claims administrator to provide notice to Class Members, the Court has changed this date so that notice shall be mailed as of July 3, 2015.

> and/or your lawyer wish to attend the Settlement Approval Hearing in person, please indicate that you will do so in your written objection.]

Additionally, the parties SHALL add the Courtroom number (A602) as applicable throughout the Notice.

4. **FURTHER BRIEFING**. Further submissions by the Parties, including memoranda in support of the proposed settlement, responses to any objections, petitions for attorney fees and reimbursement of costs and expenses by Class Counsel, shall be filed with the Court no later than **August 18, 2015**.

DATED: June 12, 2015

BY THE COURT:

*/s/ Christine M. Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge

12